JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 19]

## I. INTRODUCTION

On December 14, 2020, Evon Smith, Dale Chanaiwa, Maurice Jordan, June Smith-Wimes, Darrel Smith, Gary Smith, and Kennedy Smith (collectively, "Plaintiffs") filed a Complaint in Superior Court for the County of Los Angeles against Colonial Care Center, Inc. ("Colonial Care Center," or "Defendant").[1] Plaintiffs are the children of the late Joan Rivers ("Decedent"), who died on July 20, 2020. Colonial Care Center is a nursing home facility in Long Beach California where Decedent resided toward the end of her life.

Plaintiffs' Complaint asserts the following thirteen state law causes of action against Defendant: (1) Elder Abuse; (2) Willful Misconduct; (3) Negligence; (4) Negligence Per Se; (5) Negligent Infliction of Emotional Distress; (6) Violation of Unfair Competition Law; (7) Misrepresentation/Fraud; (8) Breach of Contract; (9) Violation of Resident Rights (Health & Saf. Code, § 1430(b)-Care Issue No. 1); (10) Violation of Resident Rights (Health & Saf. Code, § 1430(b)-Care Issue No. 2); (11) Violation of Resident Rights (Health & Saf. Code, § 1430(b)-Care Issue No. 3); (12) Wrongful Death, and; (13) Survival Action.

On January 19, 2021, Defendant removed this action to federal court, seeking to invoke this Court's subject matter jurisdiction on two bases: (1) the complete preemption doctrine, and; (2) the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Notice of Removal at 4, 14, ECF No. 1).

Presently before the Court is Plaintiffs' Motion to Remand this action to the state court from which it was removed. ("Motion") (ECF No. 19). For the reasons that follow, the Court finds that Defendant has failed to establish that this Court may exercise subject matter jurisdiction over Plaintiffs'

---

[1] John Houston and Ronald Smith are named in the Complaint as "nominal defendants" as well (Compl.¶ 8, ECF No. 1-1), though Plaintiffs do not assert any claims against the nominal defendants.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

claims. The Court therefore **GRANTS** Plaintiffs' Motion and **REMANDS** this case to the state court from which it was removed.

## II.   FACTUAL BACKGROUND

Plaintiffs allege the following in their Complaint:

Plaintiffs are the sons and daughters of Decedent Joan Rivers. At the time of her death on July 20, 2020, Decedent was 87 years old. She was admitted to Colonial Care Center in Long Beach, California on April 8, 2020.

At all times during her residency at Colonial Care Center, Decedent had impairments, including dementia, that required total care. Specifically, Decedent was wholly dependent upon Colonial Care Center for all activities of daily life, including food and feeding, clothing, laundry, hydration, hygiene, mobility, medication, and treatment. Decedent was also totally dependent on Colonial Care Center for nursing care to assess changes in her condition, to report changes in her condition to the attending physician, and when appropriate, to transfer her to a hospital for medical care.

On January 20, 2020, the first case of coronavirus infection in the United States was documented. By March 4, 2020, the virus had spread to such an extent and posed such a danger that California's Governor declared a state of emergency. On the same day, the Los Angeles County Board of Supervisors and the Los Angeles County Department of Public Health similarly declared a local and public health emergency in the County of Los Angeles.

On January 27, 2020, a letter from the California Department of Public Health ("CDPH") warned California's long-term care facilities that COVID-19 was already in California. The CDPH stated:

> All California healthcare facilities need to be prepared for new and emerging infectious disease threats, including the 2019 Novel Coronavirus (2019-nCoV). [F]acilities should outline plans for administrative, environmental, and communication measures and define the individual work practices that will be required to detect the introduction of 2019-nCoV or other emerging infectious diseases, prevent spread, and mitigate the impact on patients, the facility, and staff.

At the same time that California and Los Angeles County were declaring a state of emergency, Defendant failed to implement appropriate safety measures to protect its residents and employees. Defendant knew, or should have known, early on that it had staff and residents who were both exposed to the virus and who also carried the virus, yet it delayed providing appropriate nursing care to protect its residents from exposure to COVID-19.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

Shortly after Decedent was admitted to Colonial Care Center on April 8, 2020, Decedent and her family were told that some of Defendant's employees had tested positive for COVID-19. In early May 2020, Decedent was tested for COVID-19. On the evening of May 18, 2020, Defendant informed Plaintiffs that the facility had just received Decedent's test result and that Decedent had tested positive for COVID-19. In the week or more that Decedent and her family were awaiting Decedent's test results, Decedent continued to share a room with another resident.

Decedent's family was told on May 18, 2020 that Decedent would be moved to a "COVID wing" at Colonial Care Center sometime after 11:00 p.m. on May 18, 2020.

However, on May 19, 2020, the next day, Decedent was admitted to St. Mary's Hospital in Long Beach. Decedent's family received word in the early morning hours of May 19, 2020 that Colonial Care Center had called 911 to transfer Decedent to the hospital because she was having difficulty breathing and had a low pulse.

At St. Mary's Hospital, Decedent was placed on a ventilator for four days. She developed difficulty swallowing (postexhubation dysphagia), a blood infection, a heart valve issue, and was placed on a feeding tube. When admitted, the hospital advised Decedent's family that she was also severely dehydrated, and as a result, had developed a kidney injury.

Decedent was discharged from St. Mary's Hospital on June 2, 2020, and transferred to The Earlwood Center, a nursing facility in Torrance, California. Decedent died on July 20, 2020.

Despite Colonial Care Center's awareness of the virus in its facility and the minor steps that it took to address the spread, Defendant did not implement an effective policy for isolating proven or suspected carriers of the coronavirus and protecting its residents from exposure to COVID-19. As a result, Decedent became infected with COVID-19, and ultimately became severely ill and required hospitalization.

## III. JUDICIAL STANDARD

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. "Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand [to state court]." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003); 28 U.S.C. § 1447(c). The federal question removal statute is strictly construed against a finding of removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

matter jurisdiction, the case shall be remanded . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The party seeking removal bears the burden of establishing federal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Here, Defendants' first asserted basis for removal is federal question jurisdiction, which generally requires that a federal claim appear on the face of the plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1331. Thus, a plaintiff may "generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Under the complete preemption doctrine, however, a state law claim is treated as arising under federal law if it is completely preempted by federal law. *Id.*; *Caterpillar Inc.*, 482 U.S. at 393.

Defendants' second asserted basis for removal is federal officer jurisdiction. Under 28 U.S.C. § 1442(a)(1), a civil action filed in state court can be removed if the action is against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress. . . . " 28 U.S.C. § 1442(a)(1).

### IV.   DISCUSSION

In their Complaint, Plaintiffs assert thirteen state law claims arising from Defendants' alleged mistreatment of Decedent. Four of Plaintiffs' claims—(1) Elder Abuse, (2) Willful Misconduct, (3) Wrongful Death, and (4) Survival Action—are premised on allegations of willful misconduct. The Court refers to these claims as the "Willfulness Claims," and to Plaintiffs' other nine claims as the "Non-Willfulness Claims."

Plaintiffs argue that the Court lacks subject jurisdiction over all thirteen of their claims. Defendants rejoin that: (1) all of Plaintiffs' claims are completely preempted by the PREP Act, and as such, that the Court may exercise federal question jurisdiction over the claims, and; (2) alternatively, that the Court may exercise federal officer jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1442(a)(1). The Court addresses each asserted basis of jurisdiction in turn.

### A.   The Complete Preemption Doctrine Does Not Provide the Court with a Basis to Exercise Subject Matter Jurisdiction over Plaintiffs' Claims

For the reasons discussed below, the Court concludes that the PREP Act does not completely preempt any of Plaintiffs' state law claims.

#### 1.   *Plaintiffs' Claims Do Not Fall Within the Scope of the PREP Act*

The PREP Act, by and large, is an immunity statute. The Act generally provides that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

> a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [by the Secretary of Health and Human Services] has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1). In March 2020, the Secretary of Health and Human Services ("the Secretary") issued a declaration under the PREP Act regarding the COVID-19 pandemic. 85 Fed. Reg. 15,198 (Mar. 17, 2020). The Declaration has since been amended five times. *See Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137, at *2 (E.D.N.Y. Feb. 2, 2021).

In the Fourth Declaration, the Secretary declared that "not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute 'relating to . . . the administration to . . . an individual'" if the decision to not administer a Covered Countermeasure was based on "[p]rioritization or purposeful allocation of" limited resources. *See* Fourth Amended Declaration, 85 Fed. Reg. at 79,197.

A covered countermeasure is defined by the PREP Act as:

- "a qualified pandemic or epidemic product[;]"
- "a security countermeasure[,]" *i.e.*, a "drug," "biological product," or "device" that meets specified qualifications;
- a "drug . . . , biological product . . . , or device . . . that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act [*i.e.*, FDCA]; or"
- "a respiratory protective device that is approved by the National Institute for Occupational Safety and Health [*i.e.*, NIOSH], . . . and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title."

42 U.S.C. § 247d-6d(1)(A)–(D).

Here, Plaintiffs do not allege any injury "caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." Covered countermeasures are products, drugs, biological products, or devices that meet specified qualifications. *Id.* Plaintiffs' claims do not relate to the use or administration of any such drug, device, or product. Rather, Plaintiffs' allege that Decedent's injuries were caused by Defendant's failure to "implement an effective policy for isolating proven or suspected carriers of the coronavirus, and protecting its residents from exposure to COVID-19." (Compl. ¶ 28).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

In its Opposition, Defendant argues that such allegations "by their very nature relate to the use of covered countermeasures, and/or the management and operation of Defendant's countermeasures, for which Defendant has immunity." (Def.'s Opp. to Pls.' Mot. to Remand at 7, ECF No. 23). Defendant further argues that Plaintiffs' allegations that Defendant "failed to protect decedent's right to dignity and privacy by failing to protect her from infection with the Covid-19 virus", (Compl. ¶ 92), "clearly relate to the use of PPE and whether Defendant properly utilized a covered countermeasure[,] bringing this case within the preemption and immunity of the PREP Act." (Def.'s Opp. to Pls.' Mot. to Remand at 8). In support of this argument, Defendant asserts that COVID-19 test kits, "face shields, gowns, shoe covers, non-surgical isolation gowns, surgical caps, properly labeled non-surgical masks, and certain non-NIOSH approved respirators" are covered countermeasures.

Assuming that the devices listed by Defendant are in fact covered countermeasures, Defendant nonetheless fails to establish that Plaintiffs' claims fall within the scope of the PREP Act because Plaintiffs do not allege any injury related to the use (or non-use) or administration of any drug, device, or product. Plaintiffs' Complaint mentions personal protective equipment ("PPE"), gowns, facemasks, and respirators a grand total of once each. (*See* Compl. ¶¶ 17–18). Plaintiff mentions these devices by way of background; Plaintiffs do not allege that Decedent's injuries relate to the use (or non-use) or administration of any of the devices. What Plaintiffs do allege is that Decedent's injuries were caused by Defendant's failure to "implement an effective policy for isolating proven or suspected carriers of the coronavirus, and protecting its residents from exposure to COVID-19." (Compl. ¶ 28). These allegations refer to policies and a failure to protect, not to any covered countermeasure, *i.e.*, drug, product, or device. Thus, the square peg of Plaintiffs' allegations does not fit into the round hole of the PREP Act's definition of a covered countermeasure.

        2.    *Even if Plaintiffs Claims Fell Within the Scope of the PREP Act, They Would Not Be Completely Preempted*

For a federal statute to completely preempt a state law claim, the federal statute must "provide[] the exclusive cause of action for the [state law] claim asserted and also set forth procedures and remedies governing that cause of action." *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245 (9th Cir. 2009) ("[A] federal statute must provide the 'exclusive cause of action' for complete pre-emption to apply[.]"); *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005) (same); *Ry. Lab. Executives Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988) ("If the federal statute creates no federal cause of action vindicating the same interest the plaintiff's state cause of action seeks to vindicate, recharacterization as a federal claim is not possible and there is no claim arising under federal law to be removed and litigated in the federal court.") (footnote omitted).

As discussed in greater depth below, the PREP Act, when it applies, distinguishes between claims that are premised on allegations of "death or serious physical injury proximately caused by willful misconduct," and those that are not. *See* 42 U.S.C. § 247d-6d(d)(1). The Court therefore

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

considers Defendants' argument as to complete preemption with respect to Plaintiffs' Non-Willfulness Claims before turning to Plaintiffs' Willfulness Claims.

      i.  *Plaintiffs' Non-Willfulness Claims Are Not Completely Preempted*

  In their Notice of Removal and Opposition to Plaintiffs' Motion, Defendant points to no exclusive federal cause of action created by the PREP Act that would vindicate the same interests that Plaintiffs' state law causes of action seek to vindicate. Instead, Defendant points to the PREP Act's Covered Countermeasure Process Fund ("Process Fund"), which Defendant argues imbues the Act with complete-preemptive force. The Process Fund is administered by the Secretary of the of the Department of Health and Human Services ("HHS") and is intended to provide "timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure[.]" 42 U.S.C. § 247d-6e(a). Upon review of Defendant's argument and the substance and structure of the PREP Act, the Court determines that Plaintiffs' claims are not completely preempted by the Act.

  For the reasons discussed above, the Court finds that Plaintiffs' claims do not fall within the scope of the PREP Act. However, assuming for the sake of argument that (1) Defendant is a covered person under the PREP Act, and (2) Plaintiffs' claims arise out of, relate to, or result from "the administration to or the use by an individual of a" qualifying covered countermeasure, this Court lacks subject matter jurisdiction over Plaintiffs' Non-Willfulness Claims.

  Fatal to Defendants' removal of Plaintiffs' Non-Willfulness Claims is the fact that the PREP Act does not provide Plaintiffs with an exclusive federal cause of action that covers those claims. Defendant argues that the PREP Act's Process Fund provides Plaintiffs with a remedy for their claims. (Def.'s Opp. to Pls.' Mot. to Remand at 20–21). However, statutory provision of a federal remedy is insufficient to establish complete preemption if the federal statute does not also provide an exclusive federal cause of action. *Moore-Thomas*, 553 F.3d at 1245 ("[A] federal statute must provide the 'exclusive cause of action' for complete pre-emption to apply[.]") (citing *Sullivan*, 424 F.3d 267); *see also Dupervil*, 2021 WL 355137, at *9 ("Here, the PREP Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action at all.") (citing *Sullivan*, 424 F.3d at 276).

  Defendant also argues that Plaintiffs' claims are completely preempted because an Advisory Opinion issued by HHS's Office of the General Counsel ("OGC") on January 8, 2021 opines that "the PREP Act is a complete preemption statute." (Def.'s Opp. to Pls.' Mot. to Remand at 8) (citing Advisory Opinion 21-01, ECF No. 21-9). The January 8, 2021 Advisory Opinion posits that "the *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court. The PREP Act does both." (Advisory Opinion at 2). This characterization of the complete preemption doctrine is contrary to law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

The Supreme Court has found that the *sine qua non* of a statute that completely preempts is that it establishes an "exclusive cause of action for the [state law] claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Beneficial Nat. Bank*, 539 U.S. at 8. The Ninth Circuit, citing *Beneficial National Bank*, has affirmed that "a federal statute must provide the 'exclusive cause of action' for complete pre-emption to apply[.]" *Moore-Thomas*, 553 F.3d at 1245. Neither Defendant nor the January 8, 2021 Advisory Opinion cites any legal support for the "proposition that an exclusive federal administrative remedy is sufficient for complete preemption." *See Dupervil*, 2021 WL 355137, at *10. Though a federal agency's interpretations of a statute "contained in formats such as opinion letters are 'entitled to respect,'" such deference extends only to "those interpretations [that] have the 'power to persuade[.]'" *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). Because both the Supreme Court and the Ninth Circuit have held that a federal statute is completely preemptive only where it provides an exclusive federal cause of action, the Court finds that the OGC's January 8, 2021 Advisory Opinion lacks the power to persuade. *See Dupervil*, 2021 WL 355137, at *10 (holding the same).

Accordingly, because the PREP Act does not completely preempt Plaintiffs' Non-Willfulness Claims, the complete preemption doctrine does not provide the Court with a basis to exercise jurisdiction over the Non-Willfulness Claims.

> ii. *Defendant Fails to Establish that the Court May Exercise Jurisdiction Over Plaintiffs' Willfulness Claims*

As noted above, the PREP Act distinguishes between claims premised on allegations of "death or serious physical injury proximately caused by willful misconduct," and those that are not. *See* 42 U.S.C. § 247d-6d(d)(1). Specifically, where a plaintiff's claim falls within the scope of the PREP Act's immunity provision, the Act establishes a single "exception to the immunity from suit and liability of covered persons" by way of "an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct . . . by such covered person." *Id.* § 247d-6d(d)(1).

Thus, unlike claims that trigger the PREP Act's immunity provision and do not involve allegations of willfulness, Section 247d-6d(d)(1) of the PREP Act provides "an exclusive Federal cause of action" for claims "against a covered person for death or serious physical injury proximately caused by willful misconduct . . . by such covered person." The Act further provides that the only court that may exercise jurisdiction over such a claim is the United States District Court for the District of Columbia. *Id.* § 247d-6d(e)(1).

Accordingly, a state law claim may be completely preempted by the PREP Act if the claim (1) falls within the scope of the PREP Act's immunity provision, and (2) is premised on allegations of death or serious physical injury proximately caused by willful misconduct by a person covered under the Act.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

Here, assuming that Plaintiffs' Willfulness Claims fall within the scope of the PREP Act (which the Court finds they do not), the Court would be barred from exercising jurisdiction over those claims. Section 247d-6d(e)(1) of the Act, titled "Exclusive Federal jurisdiction," provides that "[a]ny action under subsection [247d-6d(d)] shall be filed and maintained only in the United States District Court for the District of Columbia." 42 U.S.C. § 247d-6d(e)(1). Thus, even if the complete preemption doctrine applied to Plaintiffs' Willfulness Claims, Defendant would be unable to establish that this Court has jurisdiction over those claims because Congress saw fit to vest sole jurisdiction over claims brought under 247d-6d(d) in the United States District Court for the District of Columbia.

Accordingly, Defendant fails to establish that this Court may exercise jurisdiction over Plaintiffs' Willfulness Claims.

> 3. *Whether Transfer of this Action to the United States District Court for the District of Columbia is Warranted*

Though not raised by the parties, the Court notes that the OGC of HHS has suggested that actions that implicate 42 U.S.C. § 247d-6d(d) should be transferred to the District Court for the District of Columbia. (*See* Advisory Opinion at 3) (opining that "if the plaintiff alleges that the decision to deny him or her [a covered countermeasure] was wanton and willful and resulted in death or serious injury[,]" the court should transfer the case to "the District Court for the District of Columbia for resolution by a three-judge panel.").

A district court that lacks jurisdiction over an action may transfer that action to an appropriate forum pursuant to 28 U.S.C. § 1631. Section 1631 provides that "[w]henever a . . . court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed[.]" 28 U.S.C. § 1631. The Ninth Circuit has held that, "[b]ecause the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citations omitted). A court should transfer an action pursuant to "§ 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.*

Here, this Court certainly lacks jurisdiction. However, because the Court finds that neither Plaintiffs' Non-Willfulness Claims nor their Willfulness Claims fall within the scope of the PREP Act, the District Court for the District of Columbia would not have jurisdiction over any of Plaintiffs' claims. Furthermore, nothing in the record before the Court indicates that a transfer would be in the interest of justice.

Accordingly, this action may not be transferred to the District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

### B. Defendant Fails to Establish that the Court May Exercise Federal Officer Jurisdiction Pursuant to 28 U.S.C. § 1442(a)(1)

In the alternative to its complete preemption argument, Defendant argues that the Court may exercise jurisdiction over Plaintiffs' claims pursuant to the federal officer jurisdiction statute, 28 U.S.C. § 1442(a)(1).

To establish that removal is proper under Section 1442(a)(1), the removing defendant must "demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020) (citations omitted). Unlike the federal question removal statute, Section 1442(a)(1) "must be liberally construed in favor of removal." *Id.* (citations omitted).

Defendant's argument concerning federal officer jurisdiction founders on the second element. Specifically, Defendant fails to establish that it committed the alleged acts and omissions giving rise to Plaintiffs' claims under the direction of a federal officer.

For 28 U.S.C. § 1442(a) to apply, Defendant must establish that there was a causal nexus between Defendant's conduct and Plaintiffs' claims, while Defendant was acting under the direction of a federal officer. *See* 28 U.S.C. § 1442(a)(1); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). The Supreme Court has held that the phrase "acting under" refers to "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) (emphasis in original). This statutory phrase describes "a relationship typically involv[ing] subjection, guidance, or control." *Id.* at 151. Mere compliance with federal regulations, "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored," does not fall within the scope of the statute. *Id.* at 153.

Here, Defendant argues that it was acting under the direction of the Center for Disease Control and Prevention ("CDC") and Centers for Medicare and Medicaid Services ("CMS") when the alleged acts and omissions giving rise to Plaintiffs' claims occurred. The thrust of Defendant's argument is that prior to the COVID-19 pandemic, nursing homes were not heavily regulated, but during the pandemic, CDC and CMS issued "very detailed clinical directives and instructions [which] represented a marked departure from the regulatory structure which existed before the pandemic." (Def.'s Opp. to Pls.' Mot. to Remand at 23). For example, Defendant asserts that nursing home facilities "were ordered to restrict visitation, cancel communal dining, . . . implement active screening [of] staff for fever and respiratory symptoms[,]"and "were instructed on which patients and staff to test for COVID-19, under what circumstances to use and how to conserve PPE[.]"[2] (Def.'s Opp. to Pls.' Mot. to Remand at 23).

---

[2] In support of these assertions, Defendant cites nineteen exhibits to its Request for Judicial Notice without use of a single pin cite. (*See* Def.'s Opp. to Pls.' Mot. to Remand at 23) ("(*See* Def's Notice of Removal, Dkt. #1, and RFJN Ex. '11' to '29'.))". The Court therefore makes no finding as to the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00494-RGK-PD | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Evon Smith et al v. Colonial Care Center, Inc. et al* | | |

Assuming without deciding that Defendant was in fact subject to the regulatory scheme detailed in its Opposition at all relevant times, the Court nonetheless concludes that the regulatory scheme alleged does not bring Defendant within the scope of the federal officer removal statute. As the Supreme Court held in *Watson*, "a private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official,' even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." 551 U.S. at 143. Here, Defendant has established, at most, that it was subject to "highly detailed" regulations and that Defendant's "activities are highly supervised and monitored." This, without more, is insufficient to trigger the federal officer removal statute. *Cf. id.* at 153–54, 157 (noting that a private actor may be acting under a federal officer where the private actor is a government contractor or receives an express delegation of governmental authority from a federal officer).

Finally, Defendant requests that if the Court grants Plaintiffs' Motion for Remand, that the Court issue a temporary stay on remand pursuant to Rule 62(a) of the Federal Rules of Civil Procedure to allow Defendant its right to appeal the Court's decision as to the federal officer jurisdiction statute. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal" unless the action "was removed pursuant to section 1442 or 1443[.]"). The Court declines to issue such a stay.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion. Accordingly, the Court **REMANDS** this action to the state court form which it was removed.

**IT IS SO ORDERED.**

                                                                                            :

                                            Initials of Preparer        _____

---

veracity of Defendant's factual assertions, as the evidentiary support for those assertions is (presumably) buried somewhere among nineteen different exhibits. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)) ("Judges are not like pigs, hunting for truffles buried in briefs.").